IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 11-0249 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO FILE UNDER SEAL THE EX PARTE DECLARATION OF ASSISTANT UNITED STATES ATTORNEY DAVID COUNTRYMAN** |
| v. | |
| APPROXIMATELY $104,770 IN UNITED STATES CURRENCY, | |
| Defendant. | |

Before the Court is plaintiff the United States of America's (the "Government") Administrative Motion, filed April 27, 2011, by which the Government seeks to file under seal and ex parte the declaration of Assistant United States Attorney David Countryman ("Countryman") in support of the Government's motion to stay the above-titled forfeiture action ("Ex Parte Declaration").[1] Claimant Frank Joseph Alioto ("Alioto") has filed opposition. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

Pursuant to 18 U.S.C. § 981(g)(1), "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or

---

[1] On May 27, 2011, the action was reassigned to the undersigned.

the prosecution of a related criminal case."[2]  "In requesting a stay under paragraph (1), the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial."  See 18 U.S.C. § 981(g)(5).  In this instance, the Government states the subject Ex Parte Declaration "contains information, which if disclosed, could adversely affect ongoing criminal investigations and/or pending criminal trials."  (See Public Decl. of David Countryman ¶ 2, Apr. 27, 2011.)

Alioto objects to the Court's consideration of sealed evidence, arguing such procedure deprives him of a meaningful opportunity to challenge the Government's showing.  "[T]he plain language of the statute," however, "allows the Government to submit ex parte evidence" under appropriate circumstances.  See U.S. v. 10 Table Bluff Road, No. C 06-5256, 2007 WL 911849, at *2 (N.D. Cal. Mar. 23, 2007) (J. Illston).  Here, having reviewed the Ex Parte Declaration, the Court finds said filing contains information, which if disclosed, could adversely affect a related ongoing criminal investigation or pending criminal trial as defined above, and Alioto identifies no other requirement the Government must satisfy.[3]

Alioto further objects to the Government's declaration on the ground that Countryman does not have personal knowledge of the criminal investigation to which he

---

[2] "In [subsection (g)], the terms 'related criminal case' and 'related criminal investigation' mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made.  In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors."  See 18 U.S.C. § 981(g)(4).

[3] The two cases to which Alioto cites in his opposition do not support his position.  The first, U.S. v. All Funds Deposited In Account No. 200008524845, 162 F. Supp. 2d 1325 (D. Wyo. 2001), granted a stay supported by an ex parte showing, see id. at 1327, 1333 (considering Government's ex parte submissions; ordering forfeiture action stayed pending criminal investigation), and the second, U.S. v. All Funds in Credit Suisse Private Banking Account No. 0251-844548-6, No. CV 05-3910 ABCMKCX, 2005 WL 5250030 (C.D. Cal. Sept. 20, 2005), concerned a different motion, see id. at *4-6 (considering whether Government may submit ex parte evidence to support extension of time to file complaint for forfeiture) and, in any event, has been reversed, see U.S. v. 475 Martin Lane, 545 F.3d 1134, 1141 (9th Cir. 2008).

refers in his sealed declaration, and thus the declaration is inadmissible as hearsay.  Alioto identifies no authority, however, barring the Government from relying on hearsay to support a § 981(g) motion to stay.  Rather, Civil Local Rule 7-5, on which Alioto relies, provides for "statement[s] made upon information and belief," and, indeed, the Government is entitled to establish its forfeiture case based on a showing "supported by hearsay evidence," see U.S. v. 874 Gartel Drive, 79 F.3d 918, 922-23 (9th Cir. 1996).

Accordingly the Government's Administrative Motion is hereby GRANTED.

**IT IS SO ORDERED.**

Dated:  June 8, 2011

MAXINE M. CHESNEY
United States District Judge