United States District Court

For the Northern District of California

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA          No. C 11-0249 MMC

11          Plaintiff,          **AMENDED***
                                **ORDER GRANTING PLAINTIFF'S**
12      v.                      **MOTION TO STAY; VACATING**
                                **HEARING**
13   APPROXIMATELY $104,770 IN UNITED
     STATES CURRENCY,
14
            Defendant.
15   _____/

16

17          Before the Court is plaintiff the United States of America's (the "Government")

18   motion, filed April 27, 2011, to stay the above-titled forfeiture action pursuant to 18 U.S.C.

19   § 981(g).[1]  Claimant Frank Joseph Alioto ("Alioto") has filed opposition, to which the

20   Government has replied.   Having read and considered the papers filed in support of and in

21   opposition to the motion, the Court finds the matter appropriate for decision on the parties'

22   written submissions, hereby VACATES the hearing on the motion scheduled for July 1,

23   2011, and rules as follows.

24          Pursuant to 18 U.S.C. § 981, "[u]pon the motion of the United States, the court shall

25   stay [a] civil forfeiture proceeding if the court determines that civil discovery will adversely

26   affect the ability of the Government to conduct a related criminal investigation or the

27          [1] On May 27, 2011, the action was reassigned to the undersigned.

28          *  The sole amendment is remove an erroneous reference to a Case Management
     Conference.

prosecution of a related criminal case."[2]  See 18 U.S.C. § 981(g)(1).  Although the court "may determine that a stay is unnecessary if a protective order limiting discovery would protect the interests of one party without unfairly limiting the ability of the opposing party to pursue the civil case," 18 U.S.C. § 981(g)(3), under no circumstances may the court "impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so," id.

Here, according to the complaint, the defendant currency was packaged in a box and was seized by DEA agents at a Federal Express facility after the agents obtained a warrant to search the box based on a DEA canine's "positive alert," indicating "the odor or narcotics was emanating from the box." (See Comp. ¶¶ 11-14).  Alioto has moved to suppress "all evidence obtained as a result of the warrantless seizure, and subsequent search pursuant to [the] warrant."  (See Mot. to Suppress at i:27-28, Mar. 17, 2011.)  In particular, Alioto argues, the "[a]gents lacked reasonable suspicion to detain the box for a dog sniff, and the agents lacked probable cause for the warrant because the dog's alleged alert was null and void since the dog's handler himself handled and placed the box for the dog's inspection." (See id. at 2:24-28.)  Alioto has sought discovery to support his motion to suppress. (See Mot. to Stay at Ex. A (Claimant's First Set of Interrogatories).)

By the instant motion, the Government seeks a stay of the above-titled action, on the ground that "even limited discovery will adversely affect a related investigation of [Alioto]." (See Reply at 1:20-21.)  Alioto opposes the stay, and, alternatively, requests the court issue a protective order providing for discovery limited to the "government's production of only the documents relevant to the training and reliability of the drug detection dog team," which,

---

[2] "In [subsection (g)], the terms 'related criminal case' and 'related criminal investigation' mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made.  In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors."  See 18 U.S.C. § 981(g)(4).

Alioto argues, would "allow the motion to suppress to be decided in a timely and expeditious manner."  (See Opp. at 12:14-21.)  In response, the Government argues such a protective order "would result in improper one-sided discovery."  (See Reply at 1:21-24.)

The Court, having reviewed the party's respective submissions, including the ex parte declaration submitted under seal by the Government, finds the requested "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation." See 18 U.S.C. § 981(g)(1).  The Court further finds a protective order limiting discovery would not "protect the interests of one party without unfairly limiting the ability of the opposing party to pursue the civil case," see 18 U.S.C. § 981(g)(3); in particular, the Court finds limiting discovery in the manner Alioto proposes would, in the absence of discovery adversely affecting the ability of the Government to conduct a related criminal investigation, fail to produce evidence "relevant to any party's claim or defense," see Fed. R. Civ. P. 26(b)(1) (setting forth material subject to discovery); see also Franks v. Delaware, 438 U.S. 154, 155-56 (1978) (setting forth requirements for non-facial challenge to search warrant; requiring party challenging warrant to show warrant was based on affiant's "false statement knowingly and intentionally" made or statement made "with reckless disregard for the truth").

The Government does not specify the period for which it seeks to have the matter stayed.  Indefinite stays, however, may not be granted.  See Landis v. N. American Co., 299 U.S. 248, 257 (1936) (holding "stay is . . . unlawful unless so framed in its inception that its force will be spent within reasonable limits"; noting "[i]f a second stay is necessary . . . petitioners must bear the burden, when that stage shall have arrived, of making obvious the need").  Here, on the basis of the papers submitted, the Court finds a stay of 90 days duration is warranted.  If the government subsequently files a motion to extend the stay, the Government once again will have to meet the burden placed on it by 18 U.S.C. § 981(g).

//
//
//
//

3

1          Accordingly, for the reasons stated above, the Government's motion to stay is hereby

2    GRANTED and the instant action is hereby STAYED for 90 days.

3

4          **IT IS SO ORDERED.**

5

6    Dated:  June 22, 2011

                                                  MAXINE M. CHESNEY
7                                                 United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                  4