United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 11-0249 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND STAY; VACATING HEARING** |
| v. | |
| APPROXIMATELY $104,770 IN UNITED STATES CURRENCY, | |
| Defendant. / | |

Before the Court is plaintiff United States of America's (the "Government") motion, filed October 12, 2011, to extend for 90 days the stay in the above-titled forfeiture action.[1] Claimant Frank Joseph Alioto ("Alioto") has filed opposition, to which the Government has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for December 16, 2011, and rules as follows.

Pursuant to 18 U.S.C. § 981, "[u]pon the motion of the United States, the court shall stay [a] civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the

---

[1] In accordance with the Court's prior order, the Government, on November 30, 2011, filed ex parte and under seal two declarations in support of its motion.

prosecution of a related criminal case."[2]  See 18 U.S.C. § 981(g)(1).  Although the court "may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case," see 18 U.S.C. § 981(g)(3), under no circumstances may the court "impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so," see id.

By order filed June 22, 2011, the Court granted a stay of 90 days, denied Alioto's request for a protective order allowing him partial discovery, and required the Government "to meet the burden placed on it by 18 U.S.C. § 981(g)" in any motion seeking to extend the stay. (See Amended Order Granting Plaintiff's Motion to Stay at 3:23-24.)  By the instant motion, the Government seeks such an extension.  In opposition thereto, Alioto again seeks a protective order allowing for the production of "all records and documents relevant to the drug detector dog team's reliability and performance." (See Claimant's Proposed Order Re Motion to Stay, filed October 26, 2011, at 1:18-19.)

The Court, having reviewed the parties' respective submissions, including the ex parte declarations submitted under seal by the Government, finds that lifting the stay "will adversely affect the ability of the Government to conduct a related criminal investigation." See 18 U.S.C. § 981(g)(1).  The Court further finds Alioto's requested protective order would not "protect the interests of one party without unfairly limiting the ability of the opposing party to pursue the civil case."  See 18 U.S.C. § 981(g)(3).

//

//

---

[2] "In [subsection (g)], the terms 'related criminal case' and 'related criminal investigation' mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made.  In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors."  See 18 U.S.C. § 981(g)(4).

Accordingly, the Government's motion to extend the stay is hereby GRANTED and the instant action is hereby STAYED for 90 days, said stay beginning November 30, 2011.

**IT IS SO ORDERED.**

Dated: December 12, 2011

MAXINE M. CHESNEY
United States District Judge