IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>APPROXIMATELY $104,770 IN UNITED STATES CURRENCY,<br><br>    Defendant.<br>_____/ | No. C 11-0249 MMC<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO EXTEND STAY** |

      Before the Court are plaintiff United States of America's (the "Government") (1) motion to further extend the stay in the above-titled forfeiture action and (2) motion to file under seal ex parte evidence in support thereof, both filed February 24, 2012. Claimant Frank Joseph Alioto ("Alioto") has filed a separate opposition to each said motion, and the Government has filed a reply with respect to the motion to extend. The matter came on regularly for hearing March 30, 2012, Assistant United States Attorney David Countryman appearing on behalf of the Government, and Edward M. Burch of the Law Offices of David M. Michael appearing on behalf of Alioto. Having read and considered the papers filed in support of and in opposition to the motions, and having considered the oral arguments of counsel, the Court rules as follows.[1]

---

[1] By separate order filed concurrently herewith, the motion to file under seal ex parte evidence has been granted, said order encompassing both the declaration initially submitted with the motion and a supplemental declaration submitted thereafter.

1  Pursuant to 18 U.S.C. § 981, "[u]pon the motion of the United States, the court shall
2  stay [a] civil forfeiture proceeding if the court determines that civil discovery will adversely
3  affect the ability of the Government to conduct a related criminal investigation or the
4  prosecution of a related criminal case." See 18 U.S.C. § 981(g)(1).[2]  Although the court
5  "may determine that a stay is unnecessary if a protective order limiting discovery would
6  protect the interest of one party without unfairly limiting the ability of the opposing party to
7  pursue the civil case," see 18 U.S.C. § 981(g)(3), under no circumstances may the court
8  "impose a protective order as an alternative to a stay if the effect of such protective order
9  would be to allow one party to pursue discovery while the other party is substantially unable
10 to do so," see id.

11  The Court, having reviewed the parties' respective submissions, including the ex
12 parte declarations submitted under seal by the Government, finds that lifting the stay "will
13 adversely affect the ability of the Government to conduct a related criminal investigation,"
14 see 18 U.S.C. § 981(g)(1), and that Alioto's requested protective order would not "protect
15 the interests of one party without unfairly limiting the ability of the opposing party to pursue
16 the civil case," see 18 U.S.C. § 981(g)(3).  In light thereof, the Court finds good cause has
17 been shown for a further extension of the stay.  Given the length of the stay to date,
18 however, the extension granted herein is of more limited duration than that requested.

19  Accordingly, the Government's motion to extend the stay is hereby GRANTED in
20 part, and the instant action is hereby STAYED for 30 days from the date of this order.

21  **IT IS SO ORDERED.**

22  Dated:  April 9, 2012

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] "In [subsection (g)], the terms 'related criminal case' and 'related criminal investigation' mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." See 18 U.S.C. § 981(g)(4).